Opinion of the court,
by Judge Sherman :
This case is presented to the court in the form of an agreed case, but it is so only in name. The parties, instead of agreeing upon the facts, have agreed upon the testimony which the defendants could give in support of their second and third pleas, and ask the determination of the court whether that testimony sustains either of those pleas. This is in effect submitting the issues in fact to the court instead of the jury, upon a written statement of the testimony of the witnesses, a course of proceeding not sanctioned by our practice. The parties, however, having agreed that if the evidence, contained in the written statement, does not support either the second or third plea, that judgment may be entered in favor of the plaintiff for a specified sum, the court will not delay the parties, or put them to the expense of having the finding of a jury upon the issue in fact made upon those pleas.
Upon the pleadings and proofs in the case three questions have been made. Was the note mentioned in the plea executed and received in satisfaction of the trespass complained of in the declaration ? Is a discharge of one of several joint trespassers a discharge of the whole, where the parties have expressly stipulated it shall not have that effect ? Is a note given for a trespass, which remains unpaid and in court to be canceled, a satisfaction ?
The first is purely a question of fact, and depends upon the testimony. The proof is that Smith, the agent of the plaintiff to conduct the suit, but without any special authority to settle, com *84 promised with Williams and Adkins, who were jointly concerned with the defendants in the trespass ^complained of, and whose names'were inserted in the writ, took their note for one hundred and fifty dollars, and agreed to forbear to sue them; that it was distinctly understood that the compromise was only for Williams and Adkins; that they were to be wholly discharged from liability for damages on account of the trespass, but that it was not to be a satisfaction for the other joint trespassers, and that tha plaintiff, after being informed of the compromise made by his agent, said he supposed he must be bound by what Smith had done. Without going into a particular discussion of the facts, the court are satisfied that the note mentioned in the third plea was executed in satisfaction of the trespass complained of, so far as Williams and Adkins were concerned therein; and that it was received by the plaintiff in satisfaction is apparent from the fact of the note being in his possession and by him brought into court, as well as from the testimony that it was so received by Smith, bis agent for conducting the suit. It was executed and received with tho intent and for the purpose of discharging Williams and Adkins, the makers, from all further liability on account of their being jointly concerned with the defendants in the trespass, but with an express stipulation that it should not discharge the other co-trespassers.
That a release of one of several joint trespassers operates a discharge of all is a position too clear to admit of doubt. The authorities on this point are uniform, full, and clear. 1 Hob. 66; Co. Litt. 232, a. An accord and satisfaction of a joint trespass by one is good for all concerned. The act of one of several joint trespassers is the act of all; they all unite to do an unlawful act, and each is responsible for the acts of the others. The plaintiff may elect to sue them jointly or separately, and may pursue them until he has obtained satisfaction, but he can have but one recompense in damages for the same injury. Tho plaintiff here agreed to take the note of Williams and Adkins, two of the trespassers, for one hundred and fifty dollars, and to forbear to sue them; the note was given, and it was understood they were fully discharged, and he has thus made his election not only as to the amount he would receive as a recompense for the injury he sustained from the assault and battery committed *by the defendants jointly with Williams and Adkins, but also of the persons from whom ha *85 would recover that recompense. He has been satisfied for the trespass committed upon him, and to permit him to recover in this action would give him another recompense for an injury already satisfied. It can make no difference that it was part of the agreement between the plaintiff’s agent and Williams and. Adkins, that the giving and receiving the note mentioned in the pleas was not to be a satisfaction for the other trespassers. Each joint trespasser being liable to the extent of the injury done by all, it follows as a necessary consequence that satisfaction made by one, for his liability, operates as a satisfaction for the whole trespass, and a discharge of all concerned. Williams and Adkins could make no agreement impairing the legal rights of the defendants, nor cede to the plaintiff the privilege these defendants had of availing themselves of any matter forming a legal defense to this action. The accord and satisfaction mentioned in the third plea operated in law as a discharge of these defendants from liability for the injury complained of by the plaintiff, and it was not in the power of other persons to deprive them, by any agreement of theirs, of the benefit of this legal discharge. The plaintiff can not complain, for he has agreed upon the quantum of damages he sustained by the trespass, and has received the note of Williams and Adkins in satisfaction from and discharge of them; and they can not complain, for, as joint trespassers, they are liable to make the plaintiff a full recompense in damages for all the injury he sustained by the commission of the trespass.
The remaining question is, whether a note given for a trespass which remains unpaid, and in court to be canceled, is a satisfaction. An- accord without satisfaction is not good. The party must not only have agreed to accept, but he must actually have accepted, before it will amount to a satisfaction in law. A naked promise to make satisfaction at a future day, for a trespass, is not a bar to an action brought to recover damages for that trespass. It must be shown that the promise has been executed, by the payment or delivery of what was agreed to be received in satislaction, or the injury in law remains, and with it the right to *recover a recompense. In this case the evidence shows that the accord was executed and the satisfaction actually made. The plaintiff agreed to accept the note of Williams and Adkins, two of the joint trespassers, for a specified sum, in discharge of their liability for the trespass. The note was accordingly made and *86 accepted by the plaintiff. The discharge of Williams and Adkins was immediate upon giving the note, and did not depend upon payment of the money. The agreement was to receive the note in satisfaction, and the accord was executed when the note was made and delivered. The contract of the parties looked only to the execution and delivery of the note, and Williams and Adkins were to be discharged, not on the payment of one hundred and fifty dollars, but upon their giving to the plaintiff their note for one hundred and fifty dollars. It was not an accord without satisfaction, or a mere promise to make satisfaction at a future day, but an adjustment between the parties of the amount of recompense to which the plaintiff was entitled, and a present satisfaction. The plaintiff’s right of action for the trespass was gone by the acceptance of the note, and it will not revive, either against the makers or the other joint trespassers, by the non-payment of the. money at the time stipulated in the note, or by the plaintiff producing it in court and offering to cancel and deliver it to the defendants. The plaintiff has, by his agreement, substituted one cause of action for another, and he can not resort to both, or either, at his election. He has accorded with, and received satisfaction from part of the joint trespassers, and thereby discharged the whole; and he can not deprive the defendants of the benefit of that discharge by offering to surrender that which he has received in satisfaction for the trespass. Judgment must be entered for the defendants on the third plea.†

Note bt the Editor. — See note to Lathrop v. Wrignt, ii. 33.